IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARA BRANTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-0561-MJR-DGW |
| | ) |
| LUXOTTICA RETAIL NORTH | ) |
| AMERICA, INC., d/b/a Sunglass | ) |
| Hut Trading, LLC, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

### A.   Introduction and Procedural Overview

While vacationing in Florida with her husband and son, Tara Brantley (Plaintiff) visited a Sunglass Hut retail shop owned by Luxottica Retail North America, Inc. (Defendant). Plaintiff filed suit in this Court on May 16, 2014, claiming that while she used the ladies room at the store, she was secretly videotaped by an employee who had hidden his cell phone in the strands of a mop sitting adjacent to the toilet.

Plaintiff's complaint alleges invasion of privacy (Count I), intentional infliction of emotional distress (Count II), negligence (Count III), negligent hiring and supervision (Count IV), and violation of a Florida statute (Count V). The Court enjoys subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332.[1]

---

[1] Plaintiff is an Illinois citizen, Defendant is an Ohio citizen, and the complaint seeks well over $75,000 in damages (*see, e.g.*, Doc. 19, p. 6, praying for ten million dollars in compensatory damages alone).

Now before the Court is Defendant's June 30, 2014 motion to dismiss or transfer venue (Doc. 10), to which Plaintiff responded July 16, 2014 (Doc. 16), and Defendant replied August 18, 2014 (Doc. 21).[2]  For the reasons stated below, the Court denies Defendant's motion to dismiss or transfer (without prejudice to it being re-filed).

B.    Analysis

Defendant seeks to dismiss Plaintiff's complaint (the operative complaint being the 8/1/14 amended complaint) pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer the case pursuant to 28 U.S.C. 1404(a).

Rule 12(b)(3) governs motions to dismiss for improper venue.  In deciding a motion to dismiss for improper venue, the district court need not limit its consideration to the pleadings or convert the motion to one for summary judgment, if the parties submitted evidence outside the pleadings.  *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 809-10 (7th Cir. 2011), *citing Continental Cas. Co. v. American Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).  And just last week, the United States Court of Appeals for the Seventh Circuit noted that in ruling on Rule 12(b)(3) motions, "reasonable inferences from the facts should be construed in the plaintiffs' favor." *Jackson v. Payday Financial, LLC*, -- F.3d --, 2014 WL 4116804 (7th Cir. Aug. 22, 2014).

---

[2]    Plaintiff filed an amended complaint on August 1, 2014 (Doc. 19), during the pendency of the dismissal/transfer motion.  Normally, the Court would moot any pending motions directed to an original complaint. But here, the amendment only corrected the "exact proper name" of Defendant; it did not alter any allegations of the complaint or affect the substance of the parties' arguments.  So the Court construes the motion to dismiss/transfer as if it were directed to the amended complaint.

**5B Charles Alan Wright, et al.,** *Federal Practice & Procedure* **§ 1352 (3d ed. 2004) ("And, as consistent with practice in other contexts, … the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff").**[3]

In the case at bar, Defendant maintains that Rule 12(b)(3) dismissal is warranted under the doctrine of forum non conveniens (Doc. 10, p. 6). "Venue is primarily a 'matter of convenience of litigants and witnesses.'" *Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.,* **502 F.3d 740, 746 (7th Cir. 2007).** The doctrine of forum non conveniens "authorizes a court to dismiss a suit if making the defendant defend in that court rather than in an alternative forum would burden the defendant unreasonably." *U.S.O. Corp. v. Mizuho Holding Co.,* **547 F.3d 749, 750 (7th Cir. 2008).**

As the Seventh Circuit explained in *In re Bridgestone/Firestone, Inc.,* **420 F.3d 702, 703 (7th Cir. 2005),** the common law doctrine of forum non conveniens permits a trial court to dismiss a suit if it "best serves the convenience of the parties and the ends of justice." But this step should not be taken unless the plaintiff's chosen forum is "oppressive and vexatious to the defendant, out of all proportion to the plaintiff's convenience." *Id., quoting In re Ford Motor Co.,* **344 F.3d 648, 651 (7th Cir. 2003),** *citing*

---

[3] *See also Petersen v. Boeing Co.,* **715 F.3d 276, 279 (9th Cir. 2013) (court of appeals conducting de novo review of district court's ruling on 12(b)(3) motion must draw all reasonable inferences in favor of, and resolve all factual conflicts in favor of, the nonmoving party);** *Murphy v. Schneider Nat'l, Inc.,* **362 F.3d 1133, 1138 (9th Cir. 2004) (on Rule 12(b)(3) motion based on forum selection clause, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party.")**

*Piper Aircraft Co. v. Reyno,* **454 U.S. 235, 241 (1981).**  And the district court "should not deem itself inconvenient … unless the defendant is able to identify an adequate alternative forum."  If an adequate alternative forum is available, then the court must decide whether to retain or dismiss the suit by weighing various private and public interest factors.  *In re Bridgestone/Firestone,* **420 F.3d at 704.**

This analysis is akin to that under 28 U.S.C. 1404(a), which allows a district court to transfer an action from a proper but not necessarily convenient venue to a proper and more convenient venue.  *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.,* **626 F.3d 973, 977-78 (7th Cir. 2010).**  Section 1404(a) provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…."  Under the *convenience* portion of the inquiry, the court considers the relative availability of witnesses, access to witnesses, and access to sources of proof.  Under the *interest of justice* component, analysis focuses on the efficient administration of the court system, including relative docket congestion and likely speed to trial in the two venues.  *Id.,* **626 F.3d at 978.**

These general principles guide resolution of Defendant's motion to dismiss under Rule 12(b)(3) and the doctrine of forum non conveniens or, alternatively, transfer under 28 U.S.C. 1404.

Analysis of the Rule 12(b)(3) dismissal motion begins with the question of whether venue is, in fact, *improper* in this district.  Unfortunately, the Court is hamstrung in its ability to thoroughly assess the parties' respective positions on this

question, because the briefs cite to older versions of the venue statutes which were significantly amended (and in some respects, abolished or replaced) recently.

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the FCJVCA) applies to federal civil cases filed on or after January 6, 2012. **Pub. Law No. 62, 125 Stat. 758.** Among other changes, the FCJVCA combined the venue provisions for diversity cases and federal question cases into a single unified provision. There no longer is one provision for in which jurisdiction is founded "solely on diversity" and a second provision for federal question cases. Now the venue choices for *all* applicable civil actions are set forth in § 1391(b). Additionally, the FCJVCA changed the definition of residence of various litigants and amended the "fallback" venue provision of § 1391(b)(3). *See* **14D Charles Alan Wright, et al.,** *Federal Practice & Procedure* **§ 3802 (4th ed. April 2014).**

> 28 U.S.C. 1391(b) now provides that a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1391(c)(2) defines residency of a corporation for venue purposes. A corporation is deemed to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."

The parties' briefs both refer to the older version of the venue statutes, and cite provisions no longer applicable when this suit was filed in 2014. *See, e.g.*, Plaintiff's response, Doc. 16, p. 2-3, p. 6; Defendant's reply brief, Doc. 21, p. 3, fn. 1. This unnecessarily complicates the Court's analysis. Clearly, Plaintiff asserts that venue is proper in this District, but the Court cannot discern *which* current venue provision Plaintiff relies on for this assertion. Defendant argues that venue is *improper* in this District (warranting dismissal under Rule 12(b)(3)) but also cites to provisions which no longer exist.

Clarity of the parties' positions will aid the Court's resolution of the pending motion. The Court will deny the motion at this time, without prejudice to Defendant's refiling. If Defendant files a fresh motion, the parties should brief it with citation to the currently applicable venue statutes. And Defendant should clarify whether it maintains that venue is *improper* in this District (justifying dismissal under Rule 12(b)(3)) or *proper* here but more convenient in the Northern District of Florida (justifying transfer under 28 U.S.C. 1404).[4]

---

[4] As to the latter, caselaw suggests that 1404(a) transfer is appropriate only if venue is *proper* in both the transferee and the transferor court (as well as transfer promoting the convenience of the parties and witnesses and advancing the interest of justice). **See, e.g., Research Automation, 626 F.3d at 977; Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986) (federal court "in which a suit is filed with proper venue" can transfer case under 1404(a)).** See also **15 Charles Alan Wright, et al., *Federal Practice & Procedure* § 3842 (4th ed. April 2014) ("Section 1404(a) presupposes that the district court in which suit was filed is a proper venue.).**

Of course, Defendant may seek 1404(a) transfer only as a backup argument to Rule 12(b)(3) dismissal, i.e., in the event the Court concludes that venue is *proper* here. It is simply unclear on the existing record (and the Court needs to ascertain) whether Defendant contends that venue is proper in the Southern District of Illinois or improper in the Southern District of Illinois.

C.   **Conclusion**

For all these reasons, the Court **DENIES** Defendant's motion to dismiss under Rule 12(b)(3) or, in the alternative, to transfer under 28 U.S.C. 1404(a) (Doc. 16). Denial is without prejudice to raising this issue in a fresh motion, with citations to the precise subsections governing venue for this action.

IT IS SO ORDERED.

DATED September 3, 2014.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge