IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TARA BRANTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 3:14-cv-00636 |
| -vs- ) | |
| ) | |
| SUNGLASS HUT TRADING, LLC, ) | |
| (a subsidiary and/or affiliate of LUXOTTICA ) | |
| RETAIL NORTH AMERICA, INC.); ) | |
| SUNGLASS HUT OF FLORIDA, INC.; and ) | |
| ERNEST JOSEPH MOSCHINO, Individually ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## THIRD AMENDED COMPLAINT

Plaintiff, TARA BRANTLEY, by and through her undersigned counsel, sues Defendants, SUNGLASS HUT TRADING, LLC, (a subsidiary and/or affiliate of Luxottica Retail North America, Inc.) (hereinafter referred to as "SUNGLASS HUT TRADING"); SUNGLASS HUT OF FLORIDA, INC. (hereinafter referred to as 'SUNGLASS HUT FLORIDA"); and ERNEST JOSEPH MOSCHINO, Individually, (hereinafter referred to as 'MOSCHINO"); alleges:

1.      That this cause of action is brought pursuant to diversity of citizenship between the parties, 28 USCA, Section 1332, with the amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00).

2.      At all relevant times mentioned herein, the Plaintiff was and still is a citizen and a resident of the City of Granite City, County of Madison, Illinois.

3.      At all relevant times mentioned herein, Defendant, ERNEST JOSEPH MOSCHINO, was and still is a citizen and a resident of Crestview, Okaloosa County, Florida.

4.      At all relevant times mentioned herein, Defendant, SUNGLASS HUT TRADING, LLC, (a subsidiary and/or affiliate of Luxottica Retail North America, Inc.), was and is a corporation, duly organized, incorporated, and existing under the laws of the State of Ohio, doing business in the State of Florida, and others, and with its principal place of business in the State of Ohio.

5.      At all relevant times mentioned herein, Defendant, SUNGLASS HUT OF FLORIDA, INC., was and is a corporation, duly organized, incorporated, and existing under the laws of the State of Florida, doing business in the State of Florida, and with its principal place of business in the State of Ohio.

## COUNT I

### INVASION OF PRIVACY AGAINST DEFENDANTS, ERNEST JOSEPH MOSCHINO, SUNGLASS HUT TRADING, LLC, AND SUNGLASS HUT OF FLORIDA, INC.

Plaintiff, TARA BRANTLEY, by and through her undersigned counsel, sues Defendants, SUNGLASS HUT TRADING, LLC, (a subsidiary and/or affiliate of

Luxottica Retail North America, Inc.) (hereinafter referred to as "SUNGLASS HUT TRADING"); SUNGLASS HUT OF FLORIDA, INC. (hereinafter referred to as 'SUNGLASS HUT FLORIDA"); and ERNEST JOSEPH MOSCHINO, Individually, (hereinafter referred to as "MOSCHINO") and alleges:

6.      Plaintiff, TARA BRANTLEY, realleges Paragraphs 1 through 5 as if fully set forth herein.

7.      On or about September 30, 2013, at approximately 3:00 p.m., Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA was the owner of a Sunglass Hut retail store located in the Silver Sands Factory Outlet at 10406 West Highway 98, Miramar Beach, Florida 32550.

8.      On or about September 30, 2013, at approximately 3:00 p.m., Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA operated the Sunglass Hut retail store located in the Silver Sands Factory Outlet at 10406 West Highway 98, Miramar Beach, Florida 32550.

9.      On or about September 30, 2013, at approximately 3:00 p.m., Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA maintained the Sunglass Hut retail store located in the Silver Sands Factory Outlet at 10406 West Highway 98, Miramar Beach, Florida 32550.

10.      Prior to and on September 30, 2013, at approximately 3:00 p.m., Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA was or

were the employers of Defendant MOSCHINO and had previously hired Defendant

MOSCHINO to work as a manager in the Sunglass Hut retail store located in the Silver

Sands Factory Outlet at 10406 West Highway 98, Miramar Beach, Florida 32550.

11.     At that time and place, Defendant, MOSCHINO, was employed by

Defendants, SUNGLASS HUT TRADING and/or SUNGLASS FLORIDA, as the store

manager and was present in said retail store on that date and time mentioned herein;

12.     At that time and place, Lauren Duke, was employed by Defendants,

SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, as the assistant

store manager and was present in said retail store on that date and time mentioned

herein.

13.     At all relevant times herein, Defendants' retail store was open and

accessible to the public for purchasing sunglasses and other associated items.

14.     On or about September 30, 2013, at approximately 3:00 p.m. Plaintiff,

TARA BRANTLEY, along with her husband and young son, entered Defendants'

SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's retail store

during normal business hours and asked the Sunglass Hut store manager, Defendant,

MOSCHINO, for the location of the nearest restroom.  Defendants SUNGLASS HUT

TRADING and/or SUNGLASS HUT FLORIDA's store manager, Defendant,

MOSCHINO, informed Plaintiff TARA BRANTLEY that she could use Defendants

SUNGLASS HUT'S restroom located at the rear of said store.    Defendant,

MOSCHINO, Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's store manager then proceeded to the back of the store for a moment, returned, and subsequently directed Plaintiff, TARA BRANTLEY, to Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA'S restroom.

15.     Plaintiff, TARA BRANTLEY, then proceeded to use Defendant, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's restroom's toilet to urinate.

16.     Immediately after Plaintiff, TARA BRANTLEY, used the toilet to urinate, and while Plaintiff was flushing the toilet, Plaintiff TARA BRANTLEY noticed a cell phone which had been placed immediately adjacent to the toilet, partially hidden in the strands of a mop and black cloth material, with its video camera pointed directly at the toilet; that at said time and place, the camera of the cell phone was on, fully operating, and had taken a video recording of the Plaintiff  TARA BRANTLEY while she was urinating and attending to her personal and private needs.

17.     Plaintiff TARA BRANTLEY exited the restroom and then took the cell phone to her husband near the store's entrance, confronted the store manager about the hidden cell phone in the restroom, and then called the Walton County Sheriff's Department

18.     The Walton County Sheriff's Department came to the scene, confirmed that the cell phone belonged to Defendant, MOSCHINO, store manager of Defendants,

SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's retail store, and the cell phone was placed by Defendant, MOSCHINO, Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's store manager, and then took the cell phone into custody for their investigation.

19.    A subsequent review and investigation of the cell phone confirmed that Defendant, MOSCHINO, Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's store manager had indeed, through the use of Defendant MOSCHINO'S cell phone, made a video recording of Plaintiff's buttocks and genital area while she was urinating in the restroom of the Defendants' SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's retail store.

20.    The video recording of Plaintiff's buttocks and genital area while she was urinating and attending to her private and personal restroom needs was highly offensive to any reasonable person and was intentional, reckless, and a willful invasion of privacy of the Plaintiff.

21.    Defendant MOSCHINO under the color of authority of Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, as store manager, placed the hidden cell phone in the restroom of Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's retail store for the specific prurient purpose of video recording the Plaintiff, TARA BRANTLEY, and others while she and/or others were using the restroom.

22.     As a direct and proximate result of the aforementioned offensive tortious conduct and invasion of privacy by Defendant, MOSCHINO, and Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, by and through its store manager and/or employee, Plaintiff, TARA BRANTLEY, was caused to suffer severe emotional distress, including but not limited to permanent and continuing pain and suffering, mental anguish, humiliation, and embarrassment.

WHEREFORE, Plaintiff, TARA BRANTLEY, demands judgment for compensatory and/or punitive damages against Defendants, MOSCHINO, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, costs, and a trial by jury of all issues so triable.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS, ERNEST JOSEPH MOSCHINO, SUNGLASS HUT TRADING, LLC, AND SUNGLASS HUT FLORIDA

Plaintiff, TARA BRANTLEY, by and through her undersigned counsel, sues Defendants, SUNGLASS HUT TRADING, LLC, (a subsidiary and/or affiliate of Luxottica Retail North America, Inc.) (hereinafter referred to as "SUNGLASS HUT TRADING"); SUNGLASS HUT OF FLORIDA, INC. (hereinafter referred to as 'SUNGLASS HUT FLORIDA"); and ERNEST JOSEPH MOSCHINO, Individually, (hereinafter referred to as "MOSCHINO"),  and alleges:

23.     Plaintiff, TARA BRANTLEY, realleges Paragraphs 1 through 22 as if fully set forth herein.

24.     The acts described herein and committed by Defendant, MOSCHINO, was an agent for Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, and/or was in the course and scope of his employment with Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, constituted outrageous conduct against Plaintiff TARA BRANTLEY.

25.     The outrageous conduct committed by Defendant, MOSCHINO, while an agent for Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, was so outrageous in character and so extreme in degree that it was atrocious and utterly intolerable in a civilized society.

26.     At all times material hereto, Defendant MOSCHINO, while an agent for Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, and/or in the course and scope of his employment with Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, intended to cause Plaintiff, TARA BRANTLEY, emotional distress, or acted with reckless disregard of the high probability of causing severe emotional distress to Plaintiff, TARA BRANTLEY.

27.     Plaintiff, TARA BRANTLEY, suffered emotional distress and the outrageous conduct of Defendant, MOSCHINO, an agent for and in the course and scope of his employment with Defendants, SUNGLASS HUT TRADING and/or

SUNGLASS HUT FLORIDA, was the cause of the emotional distress suffered by Plaintiff.

28.    Defendant MOSCHINO'S and Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's outrageous conduct constituted intentional infliction of emotional distress to Plaintiff, TARA BRANTLEY as allowed by the State of Florida.

29.    As a result of the intentional conduct of Defendants, MOSCHINO, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, Plaintiff, TARA BRANTLEY, suffered emotional distress including but not limited to permanent and continuing pain and suffering, mental anguish, humiliation, and embarrassment.

30.    Plaintiff, TARA BRANTLEY, is entitled to compensatory damages and punitive damage against Defendants, MOSCHINO, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, as determined by the Court.

WHEREFORE, the Plaintiff, TARA BRANTLEY, demands judgment for compensatory and/or punitive damages against Defendants, MOSCHINO, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, costs, and a trial by jury of all issues so triable.

## COUNT III

## NEGLIGENCE OF DEFENDANTS, SUNGLASS HUT TRADING, LLC, AND SUNGLASS HUT OF FLORIDA, INC.

Plaintiff, TARA BRANTLEY, by and through her undersigned counsel, sues Defendants, SUNGLASS HUT TRADING, LLC, (a subsidiary and/or affiliate of Luxottica Retail North America, Inc.) (hereinafter referred to as "SUNGLASS HUT TRADING"), and SUNGLASS HUT OF FLORIDA, INC. (hereinafter referred to as 'SUNGLASS HUT FLORIDA") and alleges:

31.     Plaintiff, TARA BRANTLEY, realleges Paragraphs 1 through 22 as if fully set forth herein.

32.     That on or about September 30, 2013, during the time period in which Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's store manager, Defendant MOSCHINO, placed and concealed the cell phone in such manner as to take video recordings of the Plaintiff and other female patrons in Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's restroom, Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's management personnel, including the assistant manager on duty, failed to discover said cell phone in Defendant's restroom.

33.     That it was and became the duty of Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, by and through its employees, agents, and/or servants to exercise reasonable care and caution in the operation of its retail store, including the management and supervision of its employees, agents, and/or servants, so as not to injure and cause harm to the Plaintiff, TARA BRANTLEY, or

other customers and invitees on Defendants SUNGLASS HUT TRADING and/or

SUNGLASS HUT FLORIDA's premises.

34.     That in disregard of its duty, Defendants, SUNGLASS HUT TRADING

and/or SUNGLASS HUT FLORIDA's, by and through its employees, agents, and/or

servants, negligently and carelessly failed to prevent the Plaintiff, TARA BRANTLEY,

from being video recorded while she was urinating and attending to her private and

personal restroom needs in the Defendants SUNGLASS HUT TRADING and/or

SUNGLASS HUT FLORIDA's restroom.

35.     Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT

FLORIDA's, was negligent in acting or failing to act which directly and proximately

caused injury and harm to the Plaintiff as hereinafter stated:

           a.     Failed to properly supervise Defendant, MOSCHINO while he

                   was on duty as a store manager and employed for the Defendants

                   and while Defendant MOSCHINO took video recordings of the

                   Plaintiff and at least one other patron while using Defendants

                   SUNGLASS HUT TRADING and/or SUNGLASS HUT

                   FLORIDA's restroom.

           b.     Failed to make proper and timely inspections of the Defendants

                   SUNGLASS HUT TRADING and/or SUNGLASS HUT

FLORIDA's restroom prior to the use of the restroom by the Plaintiff and other patrons; and

c.      Failed to discover the concealed cell phone in its restroom prior to the use of said restroom by the Plaintiff.

36.     That as a direct and proximate result of one or more of the foregoing negligent acts or omissions by Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, Plaintiff, TARA BRANTLEY, was caused to suffer severe emotional distress, permanent and continuing pain and suffering, mental anguish, humiliation, and embarrassment.

WHEREFORE, Plaintiff, TARA BRANTLEY, demands judgment for compensatory and/or punitive damages against Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, costs, and a trial by jury of all issues so triable.

## COUNT IV

### NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION AGAINST DEFENDANTS, SUNGLASS HUT TRADING, LLC AND SUNGLASS HUT OF FLORIDA, INC.

Plaintiff, TARA BRANTLEY, by and through her undersigned counsel, sues Defendants, SUNGLASS HUT TRADING, LLC, (a subsidiary and/or affiliate of Luxottica Retail North America, Inc.) (hereinafter referred to as "SUNGLASS HUT

TRADING"), and SUNGLASS HUT OF FLORIDA, INC. (hereinafter referred to as "SUNGLASS HUT FLORIDA"), and alleges:

37.     Plaintiff, TARA BRANTLEY, realleges Paragraphs 1 through 22 as if fully set forth herein.

38.     That at all times relevant herein, Defendant MOSCHINO and Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's store manager, assistant store manager, and employees were required to act under the direction and control of the Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, and pursuant to the rules, regulations, policies and procedures put in place by the Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA.

39.     Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, by and through its agents, employees, and/or servants acted negligently, carelessly, recklessly, and in contravention to their duty of care to the Plaintiff, TARA BRANTLEY, by failing to properly train, supervise, control, direct and monitor actions pertaining to the retail store restroom facilities, including duties to inspect, clean and protect the safety and privacy of store patrons while using the restroom facilities.

40.     Defendants' store manager, MOSCHIONO, prior to being employed by the Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA,

had been arrested and charged with sex crimes involving minors in the State of California in and around the year 2000.

41.    If Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, had completed a proper background check of Defendant, MOSCHINO, prior to hiring Defendant, MOSCHINO, Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA would and should have known that its store manager, Defendant MOSCHINO had a prior history of arrests involving sexual crimes upon women and this criminal history should have put Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, on notice of the propensity for Defendant MOSCHINO's to become involved in similar situation including but not limited to the possibility of him using his cell phone to record the Plaintiff and others while using the restroom facilities and for other nefarious purposes.

42.    If Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, would have completed a proper background check on Defendant, MOSCHINO, the potential danger of the actions of Defendant, MOSCHINO, was foreseeable and would have been known to the Defendants, SUNGLASS TRADING and/or SUNGLASS HUT FLORIDA, prior to hiring Defendant, MOSCHINO.

43.    If Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's had properly supervised, monitored, and/or evaluated Defendant,

MOSCHINO, his prior conduct in using the SUNGLASS HUT premises to video record women in the restroom would have been identified prior to injury to Plaintiff.

44.    Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, should have become aware of problems with Defendant, MOSCHINO, that indicated his unfitness, and failed to take further action such as investigation or discharge.

45.    As a direct and proximate result of Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's failure to perform a background check prior to employing Defendant, MOSCHINO, and discovering his past criminal history, and failure to monitor or supervise his conduct in the store Plaintiff, TARA BRANTLEY, suffered severe and permanent emotional pain and suffering, humiliation, embarrassment, and great emotional distress by the actions of the Defendant, SUNGLASS HUT.

WHEREFORE, Plaintiff, TARA BRANTLEY, demands judgment for compensatory and/or punitive damages against Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, costs, and a trial by jury of all issues so triable.

## COUNT V

### STATUTORY VIOLATION AGAINST DEFENDANTS, ERNEST JOSEPH MOSCHINO, SUNGLASS HUT TRADING, LLC, AND SUNGLASS HUT OF FLORIDA, INC.

Plaintiff, TARA BRANTLEY, by and through her undersigned counsel, sues Defendants, SUNGLASS HUT TRADING, LLC, (a subsidiary and/or affiliate of Luxottica Retail North America, Inc.) (hereinafter referred to as "SUNGLASS HUT TRADING"); SUNGLASS HUT OF FLORIDA, INC. (hereinafter referred to as "SUNGLASS HUT FLORIDA"); and ERNEST JOSEPH MOSCHINO, Individually, (hereinafter referred to as "MOSCHINO"),  and alleges:

46.     Plaintiff, TARA BRANTLEY, realleges Paragraphs 1 through 22 as if fully set forth herein.

47.     That at all relevant times herein, there was in full force and effect a certain statute in the State of Florida, Title XLVI, Chapter 877, Section 26, which prohibited direct observation, videotaping, or visual surveillance of customers in a merchant's restroom when such room provides a reasonable expectation of privacy; that the terms and provisions of which are incorporated herein, and for a breach of which this action is brought.

48.     At all relevant times herein, Defendant, MOSCHINO, and Defendants, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, violated the terms and provisions of State for Florida, Title XLVI, Chapter 877, Section 26, by videotaping or visually surveiling Plaintiff, TARA BRANTLEY, while she was on Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's premises.

49.     That as a direct and proximate result of Defendant MOSCHINO'S and Defendants SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA's actions and the breach of the aforementioned statute by the Defendants, by and through its store manager, Defendant, MOSCHINO, and employees, Plaintiff, TARA BRANTLEY suffered severe emotional distress, permanent and continuing pain and suffering, mental anguish, humiliation, and embarrassment.

WHEREFORE, Plaintiff, TARA BRANTLEY, demands judgment for compensatory and/or punitive damages against Defendants, MOSCHINO, SUNGLASS HUT TRADING and/or SUNGLASS HUT FLORIDA, costs, and a trial by jury of all issues so triable.

**By**:  /s/ Kimberly R. Lambert Adams
**KIMBERLY R. LAMBERT ADAMS**
**Florida Bar: 14473**
**LEVIN, PAPANTONIO, THOMAS**
**MITCHELL, RAFFERTY &**
**PROCTOR, P.A.**
316 South Baylen Street,
Suite 400 (32502)
P.O. Box 12308
Pensacola, FL 32591
Phone: 850-435-7056
Facsimile: 850-435-6065
kadams@levinlaw.com
*Co-Counsel for Plaintiff*
