**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**TARA BRANTLEY,**

    **Plaintiff,**

**v.**                                                     **CASE NO. 3:14cv636/MCR/CJK**

**SUNGLASS HUT TRADING LLC**
**other**
**LUXOTTICA RETAIL NORTH AMERICA INC**
**doing business as**
**SUNGLASS HUT**
**also known as**
**LUXOTTICA GROUP SPA, et al.,**

    **Defendants.**
_____/

## ORDER

The parties have filed a "Stipulated Protective Order" without requesting leave

of Court.  ECF No. 83. The Stipulation therefore is not an "Order."  Also, although

the Stipulation does not purport the give the parties a right to file a document under

seal without leave of Court, the Court enters this clarifying Order in an abundance of

caution.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may,

for good cause, issue a protective order to protect the parties "from annoyance,

embarrassment, oppression, or undue burden or expense," including "requiring a trade

secret or other confidential research, development, or commercial information not be

revealed or be revealed only in a specified way" and "requiring that the parties

simultaneously file specified documents or information in sealed envelopes" with the

court.  Fed. R. Civ. P. 26(c)(1)(G), (H).  Other privacy protections for personal

information specified in Rule 5.2, or additional information specified by the court for

good cause, must be made through redactions or the court may order that a filing be

made under seal without redaction.  *See*  Fed. R. Civ. P. 5.2(d),(e).  Because the

public retains a right of access to documents filed in a court proceeding, courts will

order that a particular document be filed under seal only if authorized by statute or

upon a showing of good cause, after balancing the public's right of access against the

parties' confidentiality interests.[1] *See generally Romero v. Drummond*, 480 F.3d

1234, 1245 (11th Cir. 2007) (citing *Chicago Tribune Co. v. Bridgestone/Firestone,

Inc.*, 263 F.3d 1304 (11th Cir. 2001)).  A confidentiality agreement between the

parties, however, is distinct from the issue of whether a particular document may be

filed under seal.  The parties' agreement to maintain a document as confidential

among themselves is "immaterial" to the public's right of access.  *Brown v.

Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).  Once a matter is

brought before the courts for resolution, however, it no longer belongs solely to the

---

[1] The Eleventh Circuit has indicated that discovery material filed for the purpose of obtaining a ruling on a discovery dispute is not subject to either a constitutional or common law right of access. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001)).

parties.  *See id.*

The parties are advised that their Stipulation regarding confidential information, ECF No. 83, is not an "Order" and includes no findings regarding the confidentiality of any particular document, nor does the Stipulation represent a "good cause" determination under Rule 26 as to any document.  The parties are further advised that no party may file a document under seal without first filing an appropriate motion and submitting the document or material to the Court for in camera review and obtaining leave of Court to file under seal.

**DONE AND ORDERED on this 19th day of March, 2016.**


*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**